# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TYREE J. CROSS,

        Petitioner,    :    Case No. 1:24-cv-453

- vs -    District Judge Jeffery P. Hopkins
    Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
  Correctional Facility,

                              :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case pursuant to 28 U.S.C. § 2254 is brought *pro se* by Petitioner Tryree Cross to obtain relief from his conviction for murder in the Butler County Court of Common Pleas.

The Court, *sua sponte,* grants Cross *in forma pauperis* status and the Notice of Deficiency (ECF No. 2) is WITHDRAWN.

Under Rule 4 of the Rules Governing § 2254 Cases, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. The case was randomly assigned to District Judge Jeffery Hopkins on filing and referred to the undersigned pursuant to Amended General Order 22-05.

The Petition avers that Petitioner was convicted of murder on his plea of guilty in Butler County Common Pleas Case No. CR-05-077 and sentenced to fifteen years to life imprisonment

(Petition, ECF No. 1, PageID 2). He appealed to the Ohio Twelfth District Court of Appeals which affirmed the conviction and sentence. *State v. Cross*, 2022-Ohio-2094 (Ohio App. 12th Dist. Jun. 21, 2022). From that date, Cross had forty-five days to appeal to the Supreme Court of Ohio or until July 27, 2022, but the LEXIS online database reflects no further appellate history and Cross alleges none in the Petition.

In the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress enacted a statute of limitations for habeas corpus cases. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

>pertinent judgment or claim is pending shall not be counted
>toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough,* 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015). Petitioner will have an opportunity to raise any objections he has to this analysis when and if he timely objects to the recommendation made below.

Because Petitioner took no appeal to the Supreme Court of Ohio, his conviction became final on direct review on July 27, 2002, and the statute of limitations began to run on that date, expiring one year later on July 27, 2023. The Petition in this case was not filed until August 26, 2024, over one year late[1].

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

---

[1] Petitioner obviously mailed the Petition earlier than that and would be entitled to have it counted on the date of mailing. *Houston v. Lack,* 487 U.S. 266 (1988). However, Petitioner has left the date of mailing blank on the Petition as well as the portion of the Petition which invites an explanation of why a petition is timely.

3

August 27, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
