UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TYREE J. CROSS,**

      **Petitioner,**

   v.                               Case No. 1:24-cv-453

**WARDEN, SOUTHERN OHIO**      **JUDGE DOUGLAS R. COLE**
**CORRECTIONAL FACILITY,**      Magistrate Judge Merz

      **Respondent.**

## ORDER

Before the Court is Magistrate Judge Merz's August 27, 2024, Report and Recommendations (R&R, Doc. 3), which recommends that the Court dismiss Petitioner Tyree Cross's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) as time barred. For the reasons briefly set out below, the Court **ADOPTS** that recommendation and **DISMISSES** Cross's Petition (Doc. 1) **WITH PREJUDICE**, albeit with a slight correction in calculating the relevant dates.

To start, the R&R advised Cross that failing to object within 14 days could result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. (*See* Doc. 3, #22). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); 28 U.S.C. § 636(b)(1)(C). Accordingly, Cross needed to object by September 10, 2024. He has not objected, and the time for doing so has passed.

Although Cross did not object to the R&R, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face," Fed. R. Civ. P. 72(b) (advisory committee notes), in terms of the ultimate recommendation.

As the Magistrate Judge explained in his R&R, this case opens and shuts with the relevant statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas petitioners like Cross must file within one year of the date on which the judgment entering their state conviction became final. 28 U.S.C. § 2244(d). The Court agrees with the R&R that Cross's conviction and sentence became final once the time expired for him to seek review of his direct appeal in the Supreme Court of Ohio. (Doc. 3, #21). But the Court disagrees with the R&R's determination as to the date that occurred.

Under the Supreme Court of Ohio's Rules of Practice, an "appellant [must] file a notice of appeal … within forty-five days from the entry of the judgment being appealed." Ohio S.Ct. R. Prac. 7.01. Cross's petition (incorrectly) lists the date of the Ohio Court of Appeals' judgment as June 9, 2022. (Doc. 1, #3). In fact, the appeals court entered judgment on June 21, 2022. *Ohio v. Cross*, 2022-Ohio-2094, ¶ 9–10 (12th Dist.). Any appeal from that decision was thus due at the Ohio Supreme Court on August 5, 2022, not July 27, 2022, as the R&R suggests. So Cross's conviction and sentence "became final" for purposes of the habeas statute of limitations on August 5, 2022. That means Cross needed to file his habeas petition in federal court within

2

one year from that date, or in other words by August 5, 2023, not July 27, 2023, as the R&R suggests. (Doc. 3, #21).

As it turns out, though, the R&R's apparent error in calculating the relevant date has no effect on the correctness of its ultimate recommendation. That is because Cross did not file his petition until August 26, 2024, (Doc. 1), over a year after the statute of limitations expired even using the later finality date.

Accordingly, the Court **ADOPTS** the Report and Recommendations (Doc. 3) and **DISMISSES** Cross's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) **WITH PREJUDICE**. The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Cross leave to appeal in forma pauperis. Finally, it **DENIES** Cross a certificate of appealability under 28 U.S.C. § 2253(c) because no reasonable jurist would find Cross's failure to meet the one-year statute of limitations debatable.

**SO ORDERED.**

October 1, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

3